UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>JEFFERY SCOTT FINNEY,<br><br>　　　　　Defendant/Petitioner. | No. 2:11-CR-0132-LRS-1<br><br>**ORDER DENYING AMENDED MOTION TO VACATE SENTENCE AND FOR RESENTENCING UNDER 28 U.S.C. § 2255** |

BEFORE THE COURT is Petitioner, Jeffery Finney's, Amended Motion to Vacate and for Resentencing pursuant to 28 U.S.C. § 2255 (ECF No. 73). The court has previously ruled upon Finney's claims raised in his initially filed Motion and the Government's arguments in opposition. *See* ECF Nos. 65, 69. The issues now before the court are the timeliness, cognizability and/or merits of the separate claim for relief Finney raises in his Amended Motion: whether a violation of due process occurred in sentencing Finney when the court considered the fact Finney was potentially ACCA qualified and avoiding a 15-year mandatory minimum sentence, information which a subsequent change of the law renders false under *Johnson v.*

ORDER - 1

*United States*, 135 S.Ct. 2251 (2015). The Government has been given the opportunity to respond. ECF No. 77. Finney filed a Reply. ECF No. 78. The matter is now ripe for review.

## I. BACKGROUND

The background of this case is set forth in the court's October 27, 2016 Order. The court only briefly summarizes and supplements the court's earlier recitation here. Finney is serving consecutive sentences of 69 and 68 months (an aggregate 137 months) for two violations of 18 U.S.C. §922(j), unlawful possession and sale of a stolen firearm. The court's sentence is below the statutory maximum and within the accepted terms of the parties recommended sentence in the Rule 11(c)(1)(C) plea agreement. The parties had recommended consecutive terms of imprisonment not exceed an aggregate of 11 to 15 years. The court's sentence was at the top-end of the 110-137-month advisory guideline range, but below the upper end of the permissible sentence under the Rule 11(c)(1)(C) agreement. At sentencing the Government moved to dismiss the count charging a violation of 18 U.S.C. § 922(g), felon in possession of a firearm. The Presentence Report found that given Finney's four prior violent felony and controlled substance convictions, had Finney been convicted of this count, "he would have met the statutory definition of an Armed

ORDER - 2

Career Criminal. Such a conviction would have resulted in a mandatory minimum sentence of imprisonment of 15 years." ECF No. 40 at ¶¶ 150, 157.

Finney's ACCA exposure was also discussed in the defense sentencing materials. ECF No. 38 at 5-6 ("Although[] Mr. Finney has avoided the mandatory 15-year minimum sentence required by the Armed Career Criminal Act enhancement, this was only possible because the Government agreed to dismiss the count of the indictment that would have triggered the enhancement in the first place."). It was also outlined orally by defense counsel at the sentencing hearing. ECF No. 74 at 16 ("The government agreed…as plea negotiations, they are willing to dismiss that charge at sentencing in exchange for Mr. Finney's plea…to the possession of the stolen firearms. This way, Mr. Finney avoids the 15-year mandatory minimum ACCA.").

It is uncontested that after the Supreme Court's June 26, 2015 decision in *Johnson*, Finney's prior Washington state residential burglary convictions would not qualify as predicate "violent felony" convictions under ACCA.

Finney's Amended §2255 Motion, filed May 22, 2017, contends the court's sentence was premised upon an "untrue" assumption, considered by the court in analyzing the factors set forth in 18 U.S.C. § § 3553(a), and therefore his sentence violates due process.

ORDER - 3

## II. TIMELINESS OF PETITIONER'S AMENDED CLAIM

The Government contends Finney's due process claim in the Amended Motion is untimely because it was filed more than one year after *Johnson* was decided. 28 U.S.C. § 2255 provides that a habeas motion must be made within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(3). Because the due process claim raised by Finney in the Amended Motion was filed nearly a year beyond the limitation period for *Johnson*-based claims[1], it is procedurally time-barred unless it can relate back to the timely filed initial Motion. Fed.R.Civ.P. 15(c).

Rule 15(c) provides, in relevant part, that an amendment relates back to a timely-filed claim when the newly-asserted claim "arose out of the conduct, transaction, or occurrence set out" in the previous filing. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c)

---

[1] In April 2016, the Supreme Court held that Johnson had announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).

ORDER - 4

permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id.* at 657 (internal quotation marks omitted). The "time and type" language in *Mayle* "refers not to the claims, or grounds for relief," but "to the facts that support those grounds." *Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013) (emphasis in original).

The court concludes Finney's Amended Motion relates back in light of the common core of operative facts, namely alleged sentencing error by this court in considering a fact subsequently rendered invalid by *Johnson*. Although Finney's initial Motion did not assert a due process challenge based upon materially false information in sentencing, in his Reply in support of the initial Motion, filed June 23, 2016, he did allege that *Johnson* error "tainted the §3553(a) analysis in addition to the Guideline calculation" because the "Court considered that Mr. Finney would have been ACCA-eligible if he had pled to a §922(g) charge in determining whether to accept the parties' stipulation." ECF No. 54 at 14-15. The court is mindful that the writ serves as a catchall for alleged wrongs that are incapable of redress under other provisions of the law and habeas petitions must be reviewed by courts with "initiative and flexibility." *Harris v. Nelson*, 394 U.S. 286, 291 (1969). Finney's Amended Motion fleshes out the legal basis for the alleged "taint" Finney attempted

ORDER - 5

to set out initially, and therefore the court concludes the Amended Motion relates back to his original motion and is timely under 28 U.S.C. § 2255(f)(3). This conclusion is supported by *Clipper Express v. Rocky Mountain Motor Tarriff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982) which expressly states the relation back doctrine "is to be liberally applied."

## III. DISCUSSION

A sentence cannot stand if it is "founded at least in part upon misinformation of constitutional magnitude," *United States v. Tucker,* 404 U.S. at 447 (1972)(invalidating sentence where sentencing judge gave specific consideration to the defendant's previous convictions which were "wholly unconstitutional under *Gideon v. Wainwright…"*) ; *see also Roberts v. United States*, 445 U.S. 552, 556 (1980) ("We have ... sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.' "); *Hill v. United States*, 368 U.S. 424, 429 (1962) (emphasizing that there was no suggestion that the district court was "misinformed or uninformed as to any relevant circumstance"). To establish a due process violation at sentencing, defendant must 'must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence.' *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009); *see also, United States v. Malcolm*, 432 F.2d 809 (2d Cir. 1970)(remanding based

ORDER - 6

on the principle that "[m]isinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process.").

In *United States v. Terrell*, E.D.Wash. Cause No. 2:11-CR-0196, this court reviewed a similarly asserted due process claim on different facts. Terrell was 19 years old at the time of his arrest and pleaded guilty to a single violation of 18 U.S.C. § 922(j). Although the calculated advisory guideline range was 64-78 months, the court accepted the 100-month sentenced urged by the parties in their Rule 11(c)(1)(C) plea agreement. In subsequent §2255 proceedings, the court concluded the sentence violated due process because it was objectively ascertainable from the sentencing record that the Defendant's above-Guidelines sentence was based upon the erroneous conclusion the Defendant would have qualified as an armed career criminal. 2016 WL 6582993 (E.D.Wash. Nov. 4, 2016). The court concluded that the well settled interest in finality must give way when the "facts indicate that a particular result is completely unjust." *Id*. at 1287-1288 (quoting dissent in *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014).

Unlike in *Terrell*, it is not objectively ascertainable from the record the Defendant's potential ACCA exposure demonstrably formed the basis of the court's

ORDER - 7

sentences. No doubt, Finney's potential qualification under the Armed Career Criminal Act was *a* fact the court was aware of: it was stated in the materials prepared by U.S. Probation and explained to the court by counsel at sentencing. However, the court's knowledge of this (now erroneous) fact does not demonstrate that it formed the basis of the sentence imposed. In *Terrell* the parties' plea agreement expressly used the ACCA to establish the agreed upon term of imprisonment. Finney's plea agreement does not even reference ACCA as the basis for the parties' "wide 4-year sentencing range which *encompassed* the Guideline range, as calculated by the parties in the agreement." ECF No. 65 at 16. The Guideline range was determined to be 110-137 months. Defendant recommended 132 months and the Government recommended 180 months. The court stated on the record that "the sentencing goals" of § 3553(a) were "met by a sentence somewhat closer to the recommendation made by defense." ECF No. 74 at 26. As stated in this court's October 2016 order, the record reveals the "role the Guidelines played in the court's imposition of its sentence." ECF No. 65 at 16.

> In its decision to accept the plea agreement and impose sentence, the court calculated the Guideline range, considered it, and used it –anchoring the total aggregate consecutive sentence to the high end (137 months) of the Guideline range…On the facts of this case, 'the Guidelines are in a real sense the basis for the [Defendant's] sentence[s]…'

*Id*.

ORDER - 8

Finney contends that the parties' agreement to recommend the court run his multiple sentences consecutively, rather than concurrently, was based upon his potential ACCA exposure. Finney contends the court's decision not to contravene the plea agreement implicitly reveals that the "now-unjustified ACCA exposure" was "an influential factor" in the court's sentence. ECF No. 73 at 7. The court has broad discretion in determining whether to run sentences to be served concurrently or consecutively. See 18 U.S.C. § 3584(a) ("[M]ultiple terms of imprisonment ... may run concurrently or consecutively...."). At sentencing, the court stated that "in this case, the theme that repeatedly stick through is the lengthy, virtually unstopped, involvement in the criminal law, going back to teen-age years." ECF No. 74 at 23. The record does not show that the potential application of the ACCA misguided this part of the sentence. *See e.g., United States v. Molesky*, 2016 WL 6902402 (E.D.Wash. Nov. 23, 2016), aff'd 2017 WL 23520257 (9th Cir. May 31, 2017).

## IV. CONCLUSION

The court has carefully considered Finney's supplemental argument in the Amended Motion, the unique circumstances of this case, and the applicable due process standards. As the record does not conclusively shows he is entitled to relief, Finney's Amended Motion to Vacate Sentence and for Resentencing (ECF No. 73) is **DENIED**.

ORDER - 9

As the court recognizes that reasonable jurists could "debate whether ... the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), the court grants certificate of appealability on the issues addressed herein.

IT IS SO ORDERED.

DATED this 18th day of August, 2017.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 10